# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 7 |
| ) | |
| BRYAN E. LOWE, ) | CASE NO. 07-63453 |
| Debtor. ) | |
| _____ ) | ADV. NO. 08-6157 |
| ) | |
| EQUINE TRANSPORTATION ) | JUDGE RUSS KENDIG |
| ACCEPTANCE CO., LLC, ) | |
| Plaintiff, | **MEMORANDUM OF OPINION** |
| | **(NOT INTENDED FOR** |
| v. | **PUBLICATION** |
| BRYAN E. LOWE, | |
| Defendant | |

     Now before the Court is the Motion for Summary Judgment filed by Plaintiff Equine Transportation Acceptance Co., LLC ("ETAC" or "Plaintiff"), filed on February 13, 2009. On November 4, 2008, ETAC filed the instant adversary complaint to determine the dischargeability of a debt owed to it by Debtor-Defendant Bryan E. Lowe ("Lowe" or "Defendant") pursuant to a state court fraud judgment, and also to determine the liquidated amount of such debt. For the reasons set forth below, the Court grants Plaintiff's motion.

     The Court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I). The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

     This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## FACTUAL AND PROCEDURAL BACKGROUND

     ETAC is an Ohio limited liability company that offers financing to dealers and buyers of horse trailers and recreational vehicles.

     On March 14, 2007, ETAC and a co-plaintiff, Cross Country Group, LLC ("CCG"), filed suit against Defendant and his business, Bryan E. Lowe Agency, LLC ("Lowe Agency") in the Stark County Court of Common Pleas (the "state court action" in the "state court"). Among the allegations was a count for common law fraud upon ETAC. After discovery, ETAC filed a

motion for summary judgment in the state court on November 1, 2007.

On November 12, 2007, Defendant filed for relief under chapter 7 of the Bankruptcy Code. He filed his schedules on November 27, 2007. His Schedule F declares a debt to "ETAC and Cross Country Group LLC" of $100,000.00. The debt was not marked as contingent, unliquidated, or disputed in the corresponding fields provided. Consideration of ETAC's motion for summary judgment in the state court was automatically stayed.

On February 8, 2008, ETAC and CCG filed a motion for relief from stay in this Court to allow the state court to continue its consideration of their pending motion for summary judgment. This Court granted that motion on March 11, 2008. The state court granted ETAC's motion for summary judgment on the issue of liability on April 16, 2008, and scheduled a hearing on damages for May 9, 2008. That hearing was stricken, however, when Lowe Agency filed for relief under chapter 7 of the Bankruptcy Code on April 25, 2008. On May 12, 2008, ETAC and CCG filed a motion for relief from stay in the Lowe Agency case to continue pursuing their state court action against Lowe. The Court granted that motion on June 30, 2008. On September 26, 2008, ETAC and CCG returned to state court and filed a motion for summary judgment on the issue of damages, reiterating most of the contents of its previous motion for summary judgment on the issue of liability. That motion for summary judgment remains pending in state court.

On November 4, 2008, ETAC, sans CCG, filed the instant adversary complaint. ETAC seeks both to establish nondischargeability and to establish the value of Defendant's debt to ETAC specifically, which ETAC contends is $57,347.80.

## LEGAL ANALYSIS

### I. Standard of Review

Motions for summary judgment are governed by Federal Rule of Bankruptcy Procedure 7056, which incorporates Federal Rule of Civil Procedure 56. That rule provides, in part:

> [t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c).

The moving party carries the initial burden and must "identify[] those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the

2

affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (citing F.R.C.P. 56(c)). Evidence, including all reasonable inferences, considered on a motion for summary judgment must be viewed in the light most favorable to the non-movant. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-88 (1986). The moving party must demonstrate that no reasonable trier of fact could make a finding for the non-moving party. See Calderone v. U.S., 799 F2d 254, 259 (6th Cir. 1986) (quotation omitted). If the moving party satisfies its burden, the non-movant cannot merely rest on the pleadings, but must introduce specific evidence demonstrating the existence of issues of fact. Huizinga v. U.S., 68 F.3d 139 (6th Cir. 1995) (citing Celotex Corp., 477 U.S. at 324).

## II. Preclusive Effects of State Court Default Judgments in Bankruptcy Proceedings

It is a longstanding rule in common law adjudication that "a right, question, or fact distinctly put in issue, and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies." Southern Pac. R.R. Co. v. U.S., 168 U.S. 1, 48 (1897). The Supreme Court noted, somewhat more recently, that while the preclusive effects of previous adjudication are often referred to collectively under the label of *res judicata*, the Court prefers to speak in terms of that doctrine's two major components, *issue preclusion* and *claim preclusion*. See Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984); Corzin v. Fordu (In re Fordu), 201 F.3d 693, 703 (6th Cir. 1999). Claim preclusion generally refers to the effect of a judgment in foreclosing subsequent litigation of matters that could have been litigated in the earlier suit but were not, while "[i]ssue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has actually been litigated and decided." Fordu at 703 (internal citation omitted).

Collateral estoppel (issue preclusion) principles do apply in discharge exception proceedings under 11 U.S.C. § 523(a). Grogan, 498 U.S. at 284 n.11 (1991). In addition, the federal full faith and credit statute, 28 U.S.C. § 1738, requires a federal court to accord a state court judgment the same preclusive effect that the judgment would have in state court. Fordu at 703; see also Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 384 (1985).

Under Ohio law, issue preclusion will foreclose relitigation of a factual issue only if all four of the following elements are present:

> 1) A final judgment on the merits in the previous case after a full and fair opportunity to litigate the issue; 2) The issue must have been actually and directly litigated in the prior suit and must have been necessary to the final judgment; 3) The issue in the present suit must have been identical to the issue in the prior suit; 4) The party against whom estoppel is sought was a party or in privity with the party to the prior action.

3

Sill v. Sweeney (In re Sweeney), 276 B.R. 186 (B.A.P. 6th Cir. 2002).

The state court granted Plaintiff summary judgment on its complaint for common law civil fraud. That action has five elements under Ohio law: (1) a materially false representation or a concealment, (2) knowingly made or concealed, (3) with the intent of misleading another into relying on it, (4) justifiable reliance upon the representation or concealment by the party claiming injury, and (5) injury resulting from the reliance. Jaffe v. Dawson (In re Dawson), 338 B.R. 756, 762 (Bankr. N.D. Ohio 2006). "These elements also meet the requirements for nondischargeability under 11 U.S.C. § 523(a)(2)(A)." Id.; Ed Schory & Sons, Inc. v. Francis (In re Francis), 226 B.R. 385, 389 (B.A.P. 6th Cir. 1998) ("The panel concludes that the bankruptcy court properly found 'that the elements of a dischargeability claim under 11 U.S.C. § 523(a)(2)(A) are virtually identical to the elements of a fraud claim in Ohio.'")

All elements of the Sweeney test are met in this case. A grant of summary judgment is considered an adjudication on the merits. See Nat'l Acceptance Co. of Am. v. Bathalter (In re Bathalter), 123 B.R. 568, 571-72 (S.D. Ohio 1990). The first element of the Sweeney test is thus satisfied. In addition, under these facts, the state court's grant of summary judgment establishes that the facts that Plaintiff seeks to establish by estoppel were actually and directly litigated in the prior suit and were necessary to the final judgment. Under Ohio Civ. R. 56,

> summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

Ohio Civ. R. 56(C). The fact that Defendant did not respond to the motion for summary judgment in the state court action is therefore immaterial; the state court could still not have granted summary judgment without considering the evidence presented and necessarily finding that it weighed sufficiently heavily against Defendant that no reasonable factfinder could find in his favor. Plaintiff did not prevail merely because of a procedural defect or default of Defendant. Even unopposed, Plaintiff still bore the burden of proving the elements of its common law fraud claim to prove that it was entitled to judgment as a matter of law. It did so. That judgment is entitled to respect in this Court. "[T]he entire purpose of issue preclusion is to avoid the relitigation of decided issues." Roskam Baking Co. v. Lanham Machinery Co., Inc., 288 F.3d 895, 905 (6th Cir. 2002). Since the elements of the causes of action are essentially identical, all issues necessary to establish them here have already been established before the state court.

The third and fourth elements of the Sweeney test are not seriously in issue here. The issue in the prior suit and the issue in this current one are essentially identical. Dawson at 762; Francis at 389. In addition, the party against whom estoppel is sought is the same party from the previous suit, so the fourth and final element of the test is met.

4

Since this Court finds that the state court judgment satisfies the Sweeney test, there is no need to analyze Plaintiff's alternative arguments for achieving the same result via the Rooker-Feldman doctrine or principles of federalism and comity. The Court finds that Plaintiff has proven all factual predicates for its nondischargeability complaint under § 523(a)(2)(A) by proving those facts in state court.

### III. Damages

Having resolved that Defendant's debt to Plaintiff is nondischargeable under 11 U.S.C. § 523(a)(2)(A), the Court must now turn to the parties' arguments regarding whether the amount of that debt can be established at a sum certain on summary judgment. The Court finds on this point that it cannot.

The state court did not establish Plaintiff's damages at a sum certain, instead scheduling an evidentiary hearing on the issue of damages. That necessarily implies that, in contrast with the factual determinations it necessarily made on the issues of liability, it did *not* find sufficient evidence of Plaintiff's damages to fix them at a sum certain without further hearing. Plaintiff did argue in its state court motion for summary judgment that the damages to it and its co-plaintiff there were undisputed. (Pl.'s Ex. B 15.) The state court therefore directly considered the issue and denied the state court plaintiffs summary judgment on damages. Denials of summary judgment have no preclusive effect. See Milltex Inds. Corp. v. Jacquard Lace Co., Ltd., 922 F.2d 164, 167 (2d Cir. 1991).

Plaintiff observes that Defendant's debt was listed on his Schedule F as neither contingent, unliquidated, nor disputed. The accuracy of that schedule is open to serious question, however. Defendant filed for bankruptcy on November 12, 2007. The state court order declining to award summary judgment on the issue of damages was entered on April 16, 2008; that case began March 14, 2007. In other words, on the day Defendant filed his petition and schedules listing the debt as neither contingent, unliquidated, nor disputed, it was still in dispute in state court. Those schedules would have been available for the state court judge to review. It does not appear that any new piece of evidence has arisen between when the state court made its decision, and when Plaintiff asks this Court to make the decision that the state court would not.

Plaintiff spends the bulk of its final brief on this matter arguing for the proposition that bankruptcy courts have the authority to enter monetary judgments as part and parcel of adjudicating a nondischargeability action. Defendant does not seriously dispute this Court's *authority* to fix the amount of nondischargeable debt. He simply argues that there is insufficient factual basis on which to do so at the summary judgment stage. Bankruptcy courts do have jurisdiction to enter monetary judgments as part of rendering nondischargeability judgments. Longo v. McLaren (In re McLaren), 3 F.3d 958, 955-56 (6th Cir. 1993); N.I.S. Corp. v. Hallahan (In re Hallahan), 935 F.2d 1496, 1507-08 (7th Cir. 1991).

5

This Court therefore finds exactly what the state court did: Plaintiff has proven all elements necessary to establish liability for common law fraud, and now must prove its damages. The Court will set an evidentiary hearing for this purpose.

Orders consistent with this opinion, one granting Plaintiff summary judgment on the issue of dischargeability and a second setting an evidentiary hearing on the issue of damages, will be entered contemporaneously.

/S/ RUSS KENDIG

RUSS KENDIG
U.S. BANKRUPTCY JUDGE

**Service List:**

Gregory L Hail
Holland & Muirden
55 S Miller Rd
#103
Akron, OH 44333

Bryan E Lowe
209 Pershing Avenue N.W.
Massillon, OH 44646

Michael V Demczyk
Canton
PO Box 867
12370 Cleveland Ave NW
Uniontown, OH 44685

Alan M. Koschik
Nicole M. Hitch
Brouse McDowell
1001 Lakeside Ave

R. Scot Harvey
5377 Lauby Rd NW
Ste 201
North Canton, OH 44720

6